IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REBECCA SCHNEIDER, individually and as personal representative of the ESTATE OF ZACHARIAH SCHNEIDER**<br><br>*Plaintiff*,<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK, ET AL.**<br><br>*Defendants*. | Case No.: 1:21-cv-05121<br><br>Honorable Matthew F. Kennelly<br><br>Related to Case No.: 1:22-cv-00925 |

**PLAINTIFF'S UNOPPOSED PETITION FOR APPROVAL OF ALLOCATION OF SETTLEMENT BETWEEN WRONGFUL DEATH AND SURVIVAL CLAIMS AND FOR DISTRIBUTION**

COMES NOW, Plaintiff, Rebecca Schneider, individually and as Personal Representative of the Estate of Zachariah Schneider, by and through her undersigned attorneys, hereby files this unopposed Petition seeking approval of the allocation of settlement funds between the wrongful death and survival claims and for distribution, and in support thereof avers as follows:

**I.    Factual and Procedural Background**

1.    As this Court is aware, this matter arises out of the September 25, 2021 derailment of Amtrak Empire Builder Train 7/27 (the "Empire Builder" near Joplin, Montana. Plaintiff, Rebecca Schneider, and her husband, Zachariah ("Zach") Schneider, were passengers on the Empire Builder.  Zach Schneider was killed in the derailment and Rebecca sustained injuries and survived.

1

2. Plaintiff, Rebecca Schneider, was at all relevant times Zach Schneider's lawfully married wife. Zach and Rebecca had no children. Thus, Rebecca is the sole surviving heir to Zach's estate.

3. On September 27, 2021, Plaintiff, Rebecca Schneider, retained Saltz Mongeluzzi & Bendesky P.C. ("SMB").

4. On September 28, 2021, Plaintiff filed suit against National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak") and BNSF Railway Company ("BNSF"). *See* D.E. 2. Plaintiff's Complaint brings cause of action for negligence and negligent infliction of emotional distress against Amtrak and BNSF, as well as claims under Illinois' wrongful death and survival acts for Zach Schneider. *Id.* at Counts I-V.

5. On December 7, 2021, Plaintiff, Rebecca Schneider, was appointed as Independent Administrator of the Estate of Zachariah Schneider by the Circuit Court of the 20th Judicial Circuit, St. Clair County – In Probate. **Exhibit A**, Order Appointing Representative of Decedent's Estate – Intestate.

6. On November 17, 2022, Plaintiff, Rebecca Schneider, and Defendants Amtrak and BNSF attended a virtual mediation before the Honorable William Gomolinksi (Ret.).

7. Significant progress was made at the November 17, 2022 mediation and through continued settlement negotiations, on November 22, 2022, Plaintiff, Rebecca Schneider, individually and as Personal Representative of the Estate of Zach Schneider, reached a settlement of her claims against Defendants.

8. On November 22, 2022 immediately following settlement reached between the parties, the parties filed a Joint Status Report informing the Court of the settlement. *See* D.E. 41. In the Joint Status Report, Plaintiff notified the Court that Plaintiff intended to undertake the

same process utilized for approval of the settlement in the companion case of *Varnadoe v. National Railroad Passenger Corporation a/k/a Amtrak*, Docket No. 1:22-cv-00925 by filing an unopposed Petition for Approval of the Allocation Between Wrongful Death and Survival Claims and for Distribution. The parties also requested that due to confidentiality provisions of the settlement agreement, Plaintiff be permitted to separately submit a sealed filing which discloses the settlement amount to the Court, as the Court permitted in the *Varnadoe* action. *See* D.E. 41.

9. The settlement provides that all claims arising from the death of Zach Schneider and from injuries suffered by Rebecca Schneider are hereby settled in exchange for payment of an amount certain.

10. As a material term of the settlement, the parties agreed to a limited confidentiality agreement that provides neither party will disclose the amount paid to resolve the claims arising from the death of Zach Schneider and from the injuries suffered by Rebecca.

11. On November 24, 2022, the Court entered an Order giving the parties leave to file under seal a submission disclosing the terms of the settlement and setting a telephonic status hearing on December 8, 2022. *See* D.E. 42.

12. In accordance with the Court's November 24, 2022 directions, Plaintiff is submitting a brief supplement disclosing the terms of the parties' settlement concurrent with the instant Petition.

**II.     Allocation of the Settlement Between Wrongful Death and Survival Act Claims**

13. The Illinois Wrongful Death Act, 740 ILCS 180/2, provides, in relevant part:

(a) Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, **the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person**. In

3

> every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow, and mental suffering, to the surviving spouse and next of kin of such deceased person.
>
> (b) The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of an agreed settlement, by the circuit court, to each of the surviving spouse and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person.

740 ILCS 180/2(a)-(b) (emphasis added).

14. The language of the Illinois Wrongful Death statute Act is clear—any recovery under the wrongful death claim "shall be for the exclusive benefit of the surviving spouse[.]" *Id.*

15. Rebecca Schneider is Zach Schneider's surviving spouse, and they had no children.

16. For distribution of Zach Schneider's estate, Illinois' Rules of descent and distribution, 755 ILCS 5/2-1(c) is clear that, "[i]f there is a surviving spouse but no descendant of the decedent: the entire estate to the surviving spouse." 755 ILCS 5/2-1(c).

17. Thus, the entirety of Zach's estate will distribute to Rebecca Schneider. This was confirmed by the Probate Court, which entered an Order Finding Heirship on December 7, 2021 finding that Rebecca Schneider is the sole heir to Zach Schneider's estate. **Exhibit B**, Order Finding Heirship.

18. Pursuant to the above, there cannot possibly be any dispute that Rebecca Schneider, as the surviving spouse, is the sole beneficiary of any proceeds recovered for Zach Schneider's wrongful death and survival claims.

19. Thus, this Court's role in determining how the funds recovered under Plaintiff's wrongful death claim pursuant to 40 ILCS 180/2(b) are to be distributed amongst the beneficiaries is simple and straightforward—it all goes to Rebecca Schneider as the sole

4

beneficiary. The same is true of any funds allocated to the survival act claim which will pass through Zach Schneider's estate.

20. As to the allocation of the confidential settlement between Plaintiff's wrongful death and survival act claims, said allocation is within the sound discretion of this Court. *See Readel v. Town*, 706 N.E.2d 99, 103 (Ill. App. 1999). "When a lawsuit involves claims under both the survival and wrongful death statutes, the allocations should be made according to the claim." *Id*. "The trial court should evaluate the fairness and reasonableness of the allocation in view of the survival and wrongful death claims involved." *Id.*

21. Under the Illinois Wrongful Death Act, Rebecca Schneider is entitled to damages for her grief, sorrow, and mental suffering caused by the wrongful death of her husband, Zach Schneider. 740 ILCS 180/2(a). Further, the present value of decedent's loss of earning capacity is recoverable under the wrongful death claim. *See Drews v. Gobel Freight Lines, Inc.*, 557 N.E.2d 303 (Ill. App. 1990) (holding that, in determining wrongful death damages "a jury may consider what a decedent earned or might reasonably be expected to earn in the future.").

22. "Expenses for…conscious pain and suffering for the decedent until his death should be allocated to the survival action[.]" *Readel*, 706 N.E.2d at 103.

23. As stated in the Wrongful Death Act, "the amount recovered shall be for the exclusive benefit of the surviving spouse and next of kin[.]" 740 ILCS 180/2(a). Thus, the wrongful death proceeds are owed and paid directly to Rebecca Schneider as the surviving spouse. The survival act claim, however, is brought on behalf of the decedent's estate and the recovery is paid to Rebecca Schneider, as Administrator of the Estate of Zach Schneider. 755 CS 5/27-6.

5

24. The overwhelming majority of the settlement reached between Plaintiff and Defendants rested on the wrongful death claim. The grief, sorrow, and mental suffering Rebecca Schneider has endured and which will continue to plague her for the rest of her life is immense. Plaintiff's counsel created a thorough documentary video which captures what Zach Schneider meant to Rebecca and the significant impact his death has had on Rebecca.[1]

25. Further, Zach Schneider was an extremely high wage earner with a bright future, and the loss of earning capacity claim in this case was gargantuan. Zach was an incredibly talented and sought-after software engineer, a national debate champion, and possessed leadership and management qualities rarely seen in the tech industry. At the time of his death, Zach Schneider was employed as a software engineer at Stripe, Inc. ("Stripe"). Plaintiff's counsel retained a real-world tech headhunter whose clients include Amazon, Meta (Facebook) and other technology industry leaders. This expert issued a report concluding that Zach was an elite technologist and well positioned for high level success both at Stripe and beyond. The economic damages projected by Plaintiff's economist are massive.[2] Defendants contested the amount of Plaintiff's projected economic damages.

26. As for the damages recoverable by Zach Schneider's estate under the survival act claim, it is limited here to the conscious pain and suffering Zach endured during the derailment and prior to his death. For purposes of settlement discussions, Plaintiff produced separate and thorough expert reports by a forensic pathologist and an anesthesiologist to determine the duration of conscious pain and suffering and to describe the pain and suffering, and a medical

---

[1] Plaintiff's counsel is happy to provide the Court with a copy of said documentary video for an *in camera* review should the Court determine it is necessary or helpful.
[2] Plaintiff produced the vocational report and economic loss expert reports for settlement purposes under Federal Rule of Evidence 408 and is not attaching them here but is happy to provide the Court with a copy of the expert reports for the Court's consideration upon request.

illustrator to depict the injuries suffered.[3] The duration of conscious pain and suffering was contested by Defendants.

27. Importantly, although an allocation between the wrongful death claims and the survival act claims is necessary, **there will be no practical affect here**. As stated above, the entirety of the recovery under the wrongful death claim is owed to Rebecca Schneider. For the recovery under the survival act claim which is paid to Zach Schneider's estate, when the estate distributes solely to Rebecca Schneider (755 ILCS 5/2-1(c)) there will be no federal estate tax implications because there is an unlimited marital tax deduction for any property that passes outright to a surviving spouse per Section 2056(a) of the Internal Revenue Code. *See* 26 U.S.C. § 2506. Thus, none of the money that distributes to Rebecca from Zach Schneider's estate (which is the entirety of it), will be taxed.

28. There are no estate tax implications and the entirety of both the wrongful death claim funds and the survival act claim funds are ultimately owed exclusively to Rebecca Schneider.

29. In addition to the wrongful death and survival act claims, Plaintiff Rebecca Schneider has claims for her personal injuries and negligent infliction of emotional distress. Rebecca sustained a concussion and sprains and strains to her neck and back bilaterally, requiring physical therapy and dry needling treatments and resulting in a decreased range of motion and ongoing pain. Rebecca also sustained emotional and psychological trauma. Although nothing about Rebecca's claims require this Court's approval, given that the release provides for one global settlement, it is necessary for a portion to be allocated to Rebecca

---

[3] Due to the significantly graphic nature of these expert reports and because they were produced under Federal Rule of Evidence 408 for purposes of settlement discussions, Plaintiff is not attaching copies of these expert reports but is happy to provide the Court with a copies of these reports for the Court's consideration upon request.

7

Schneider's personal injury claims. Again, because there are no tax consequences associated with Rebecca Schneider's personal injury claims, there is no practical impact.

30. Pursuant to the above, Plaintiff respectfully submits that a fair and reasonable allocation of the confidential settlement (less attorney's fees and costs) in light of the claims made is 85% to the wrongful death claim, 10% to the survival act claim, and 5% to Rebecca Schneider's personal injury claim.

### III. Attorney's Fees and Costs

31. Plaintiff's counsel incurred significant costs in litigating this case, including those associated with retaining and working with world-class experts to prepare comprehensive damages reports, obtaining medical and tax records, and working with professional filmmakers to create the aforementioned documentary video prepared for purposes of settlement discussions.

32. The economic damages claim associated with the death of Zach Schneider was unbelievably complex. As a software engineer at Stripe, Zach's compensation was a mix of base salary and equity grants based on performance and other factors. In order to accurately project the economic loss, Plaintiff's counsel and experts required significant information from Stripe. Plaintiff's counsel was able to work amicably with Stripe to obtain the necessary documents and information—all highly confidential due to the fact that Stripe is a privately held company contemplating an Initial Public Offering—without the need for court intervention. Plaintiff's counsel was also able to work with Stripe to arrange a meeting between Zach Schneider's supervisor at Stripe and Plaintiff's and Defendants' counsel shortly before mediation. Stripe's professionalism and courtesies in helping Plaintiff obtain the necessary information and documents cannot be overstated.

33. Given the level of earnings Zach Schneider would have realized and due to the unique set of skills and abilities Zach possessed, it was necessary for Plaintiff to retain a practicing professional who examines the vocational prospects of technologists in today's market. To that end, Plaintiff's counsel retained a real-world tech industry headhunter who routinely places software engineers at technology companies like Amazon and Meta (Facebook). The expert evaluated Zach's education, achievements, job history, and unique skills and ultimately opined that Zach had a tremendous future ahead of him where Zach would have achieved the highest levels attainable at Stripe before ultimately being retained by one of the industry leading technology companies, known by their acronym FAANG (Facebook, Apple, Amazon, Netflix, and Google) where his earnings would continue to dramatically grow.

34. Zach's wage loss claim included consideration of his tremendous abilities as a computer programmer and software engineer. To that end, Plaintiff's counsel had his open source coding analyzed by high-level engineering managers at Amazon and Meta (Facebook) to opine as to his abilities.

35. Plaintiff's counsel retained and worked closely with an expert economist to calculate the total economic loss suffered by reason of Zach Schneider's death, taking into account all factors of his vocational prospects, earnings history, and employment considerations.

36. Given the unique and large economic damages claim in this case, in addition to the other elements of damages claimed by Plaintiff, Plaintiff's counsel conducted three days of extensive focus group exercises. These focus group exercises were critical and allowed Plaintiff's counsel to test, improve, and hone the damages theories and claims in this case.

37. To ensure a reliable outcome of the focus group exercises, Plaintiff's counsel hired an independent economist to create a defense economic report. This allowed Plaintiff's counsel to put on a robust and realistic defense case during the focus group exercises.

38. Plaintiff's counsel also retained and worked closely with renowned experts in the fields of forensic pathology and anesthesiology to opine on the duration and extent of Zach Schneider's conscious pain and suffering and, importantly, the sequence of injuries Zach sustained in the derailment. Given the injuries Zach Schneider suffered in the derailment, determining the sequence in which they occurred was critical to developing a proper understanding of the nature of the conscious pain and suffering claim. Plaintiff's counsel also retained a professional medical illustrator to provide medical illustrations depicting the injuries Zach Schneider suffered.

39. In addition to working tirelessly with experts in the fields of economics, elite technologist vocational prospects, forensic pathology, anesthesiology, medical illustrations, and creating a comprehensive settlement documentary video, Plaintiff's counsel worked diligently to collect all available information and documents that were not prohibited from disclosure due to the National Transportation Safety Board's (NTSB) ongoing investigation. These documents included the full autopsy report, photographs, and files from the Montana Department of Justice, Forensic Science Division, scene photographs from Liberty County, and scene photographs and drone photographs and scans and reports from the Cascade County Sheriff's Office.

40. Throughout the entire litigation, Plaintiff's counsel kept Plaintiff informed and updated on every aspect of this case. Plaintiff's counsel held Zoom meetings with Rebecca Schneider and often her family members _every Monday_ evening at 5:30 p.m. EST and had routine calls with Plaintiff to keep her informed and answer any questions.

41. In order to most effectively communicate to Defendants the person Zach Schneider was, the remarkable impact he had on the lives of his friends and family, the outstanding career prospects ahead of him, and the emotional devastation inflicted on Rebecca Schneider by his death, Plaintiff's counsel created a documentary video detailing these components of the loss. Saltz Mongeluzzi & Bendesky P.C. ("SMB") is one of the only firms in the country that employs its own full-time film professional who is dedicated to making these documentary damages videos. SMB's film professional, Israel Vasquez, and his team of lighting and camera professionals made two separate trips to St. Louis to conduct five witness interviews of Rebecca, family members, friends, and co-workers. Mr. Vazquez and his team also traveled to New York City to conduct an interview of Plaintiff's pain and suffering expert, and also conducted Zoom interviews of Plaintiff's vocational and economic experts. The documentary video created was immensely helpful in communicating the unfathomable depth of loss suffered by Rebecca Schneider.

42. Plaintiff's counsel also spent considerable time meeting with and preparing Plaintiff, Rebecca Schneider, for her deposition which occurred in October 2022.

43. Plaintiff's counsel incurred costs in the amount of $230,041.62. **Exhibit C**, Affidavit of Costs.

44. Plaintiff, Rebecca Schneider, executed a Contingent Fee Agreement/Retainer which provides for a one-third (1/3) attorney's fee to be calculated after the reimbursement of case costs, i.e., a one-third net fee. **Exhibit D**, Contingent Fee Agreement/Retainer.

45. In order to maintain the confidentiality of the settlement, Plaintiff will not disclose the precise net settlement or one-third attorney's fee in this Petition, however Plaintiff, Rebecca Schneider, was intimately involved in the mediation process and is of the opinion that

11

the total settlement she reached with Defendants is fair and reasonable. Plaintiff approves her counsel's fees and costs. **Exhibit E**, Affidavit of Rebecca Schneider.

46. Defendants Amtrak and BNSF have advised that they join this Petition and do not object to the relief sought herein.

47. Pursuant to the foregoing, Plaintiff respectfully requests that this Court order distribution of the confidential settlement funds as follows:

**Wrongful Death Claim**

| | | |
|---|---|---|
| TO: | Rebecca Schneider, Individually for Wrongful Death claim | 85% of net settlement paid |

**Survival Act Claim**

| | | |
|---|---|---|
| TO: | Rebecca Schneider, as Administrator of the Estate of Zachariah Schneider | 10% of net settlement paid |

**Rebecca Schneider's Personal Injury Claim**

| | | |
|---|---|---|
| TO: | Rebecca Schneider | 5% of net settlement paid |

**Attorney's Costs:**

| | | |
|---|---|---|
| TO: | Saltz Mongeluzzi & Bendesky P.C. | $230,041.62 |

**Attorney's Fee:**

| | | |
|---|---|---|
| TO: | Saltz Mongeluzzi & Bendesky P.C. | One-third of total net settlement |

48. As previously stated, Plaintiff is submitting a sealed filing concurrent with this Petition which discloses the terms of the parties' settlement to the Court for an *in camera* review in advance of the December 8, 2022 telephonic status hearing.

49. Plaintiff is available at the Court's convenience to provide any additional documentation required and is happy to answer any questions the Court has during the December 8, 2022 telephonic status hearing.

Dated: November 30, 2022

Respectfully submitted,

*/s/ Robert J. Mongeluzzi*
Robert J. Mongeluzzi*
Jeffrey P. Goodman*
Samuel B. Dordick*
**SALTZ MONGELUZZI & BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 496-8282
rmongeluzzi@smbb.com
jgoodman@smbb.com
sdordick@smbb.com

*Admitted *pro hac vice*.

*/s/ Adam J. Levitt*
Adam J. Levitt
Mark DiCello
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
alevitt@dicellolevitt.com
madicello@dicellolevitt.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 30, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

      */s/ Robert J. Mongeluzzi*